IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAMELLA B. WILSON and       )
CURTIS WILSON,              )
                           )         2007 AUG 29  P 3: 54
        Plaintiffs,        )
                           )         DEBRA P. HACKETT, CLK
                           )         U.S. DISTRICT COURT
                           )         MIDDLE DISTRICT ALA
v.                         )                    CASE NO.:
                           )
                           )         2:07-CV-00243-WHA-CSC
SCOTT HEATH RICE,          )
                           )
        Defendant.         )
                           )

## MOTION TO COMPEL

COMES NOW the Defendant, Scott Heath Rice, and pursuant to Federal Rules of Civil Procedure 37 moves this Court to compel the Plaintiffs, Pamella B. Wilson and Curtis Wilson, to respond to the Defendant's Interrogatories and Request for Production that were served upon counsel for Plaintiffs on April 20, 2007. As grounds therefore, the Defendant says as follows:

1.      Counsel for Defendant Scott Heath Rice served its Interrogatories and Request for Production on counsel for Plaintiffs on April 20, 2007. (See Defendant's Interrogatories to Plaintiff Pamella B. Wilson, Defendant's Interrogatories to Plaintiff Curtis Wilson, and Defendant's Request for Production to Plaintiffs attached hereto as Exhibits "A.")

2.      To date, Plaintiffs have failed to respond to these interrogatories and request for production.

3.      Defendant has attempted to resolve this issue without this Court's involvement by letters to Plaintiffs' counsel dated June 7, 2007, June 25, 2007, and July 17, 2007. (See Letters, attached hereto as Exhibits "B.")

4.    The information and documents sought through the interrogatories and request for

production are essential to the adequate preparation of Scott Heath Rice's defense of this

matter.

_____
MICHAEL L. WHITE (WHI095)
Attorney for Defendant Scott Heath Rice


OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone:    (334) 264-9472
Facsimile:    (334) 264-9599

## CERTIFICATE OF SERVICE

 I hereby certify that I have served a copy of the foregoing on all counsel of record <u>as listed below</u> by placing a copy thereof, in the United States mail, postage prepaid, on this the 29th day of August, 2007:

J. Doyle Fuller
The Law Offices of J. Doyle Fuller, P.C.
2851 Zelda Road
Montgomery, AL  36106

          OF COUNSEL

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELLA B. WILSON and<br>CURTIS WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: |
| v. | ) ) | 2:07-CV-00243-WHA-CSC |
| SCOTT HEATH RICE, | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S INTERROGATORIES TO PLAINTIFF
### PAMELLA B. WILSON

COMES NOW the Defendant, Scott Heath Rice, and propounds the following interrogatories (which are intended to be continuing) to be answered by Plaintiff, Pamella B. Wilson, under oath, and served upon Defendant's counsel within thirty (30) days of the date of service in accordance with the Alabama Rules of Civil Procedure. These interrogatories are intended to call not only for information possessed by the Plaintiff in Plaintiff's own person, but also information that Plaintiff can obtain from Plaintiff's counsel and from all agents, servants, employees, representatives, and others who are in possession of or may have obtained information for and on behalf of the Plaintiff. If the answer to the whole of a question is not known, so state and answer the part known. With respect to any interrogatory that calls for the description of the contents of a document or documents or asks that a document or documents be identified, you may, in lieu of answering said interrogatory, attach such document, or copies thereof, to your answers, specifying the exact interrogatory to which each document relates. If you object to or otherwise decline to answer part of any interrogatory, provide that information



required by the interrogatory to which you do not object or which you do not decline to answer. If you object to an interrogatory on the grounds that to answer would constitute an undue burden, provide such information as can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination. If you object to any portion of an interrogatory on the grounds that it seeks privileged information, identify all persons to whom such information was and has been communicated, the general nature of such information, the nature of the privilege asserted, and the dates of any communications or documents for which privilege is asserted. Each of the following interrogatories is deemed to be continuing in the manner provided by law.

I.      DEFINITIONS

As used herein:

A.      "Document" means, but without limitation: every writing or record of every type and description including those existing in all manner of memory means or devices used in connection with electronic computers or word processors that is or has been in your possession, control, or custody, or of which you have knowledge, including without limitation: papers, contracts, correspondence, memoranda, routing slips, calendars, diaries, tapes, communications, invoices, accounts, purchase orders, stenographic or handwritten notes, summaries, file jackets, notebook labels, studies, publications, books, pamphlets, pictures, photographs, films, videotapes, sound or voice recordings, maps, reports, surveys, minutes, projections, plans, data processing cards, tapes, or disks or computer records or printouts; every copy of every such writing or record where the original is not in your possession, custody, or control; and every copy of every such writing or record where such copy is not an identical commentary or notation whatsoever that does not appear on the original;

2

B.    "Data" means any document or any oral or other type of communication of which you have knowledge;

C.    "Entity" means any individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity;

D.    "Date" means the exact day, month, and year if ascertainable or, if not, the best available approximation (including relationship to other events);

E.    "Plaintiff" shall mean the Plaintiff Pamella B. Wilson;

F.    "Defendant" shall mean Scott Heath Rice;

G.    "Identify," when used in reference to "you" and "your" means Plaintiff Pamella B. Wilson;

I.    "Identify," when used in reference to:

    (1)    An individual means to state his/her full name, social security number, present or last known residence address and present or last known position or business affiliation (designating which), job title, employment address and present or last known business and residence telephone numbers;

    (2)    A firm, partnership, corporation, proprietorship, association, or other organization or entity means to state its full name and present or last known address and telephone number (designating which); and

    (3)    Data means to state: in the case of a document, the date, author, editor, sender, recipient, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of

identifying it, its general subject matter, and its present location or

subject matter, and its present location or custodian; in the case of

an oral communication, the date, subject matter, communicator,

communicatee, substance of the communication, whether it was

recorded, and the identity of any witnesses; in the case of

documents within your possession, custody, control, or access,

whether you will make them available to applicant's attorneys for

that which was, but is no longer in your possession, custody or

control, what disposition was made of it and why;

J.      "Relate," or any variation thereof means that which is, constitutes,

comprises, disclosed, reflects, describes, discusses, concerns, supports, contradicts, or in

any other manner touches on.


## INTERROGATORIES

1)      State your full name, date of birth, social security number, and home

address.

2)      If you are married or have ever been married, state the names and

addresses of all former spouses and present spouse.

3)      If you have ever been charged or convicted of any criminal offense,

including traffic violations, please state the nature of the offense with which you were

charged, and the outcome of same.

4)      Please provide your job history for the last fifteen (15) years.

5)      Please state the purpose of the trip being made at the time of the collision.

6)      Please describe the accident in detail.

7)      Identify any person you spoke with while at the scene of the accident.

8)      What places did you go immediately after the accident?

9)      Describe in detail the injuries you contend you received from the accident complained of by you in this suit.

10)    State the name and address of each health care provider who has treated you for the past 15 years, including those who treated you for the injuries alleged in the Complaint.

11)    State your condition today as compared to your condition immediately before the accident.

12)    Please provide detailed information in support of any claim for loss or earnings you are making in this case (i.e., employer, dates missed from work, amount claimed, gross salary).

13)    Please list each and every third party provider from whom you have received benefits or payments as a result of injuries received in this accident

14)    Please describe any other vehicle accidents or home accidents or work accidents, or any other kind of incident whereby you suffered any personal injury or injuries, either before or after the incident in question, and provide the names and addresses of any health care provider who administered any treatment for said injury.

15)    Please list any pre-existing defects, malfunctions or damage to the vehicle you were driving on the date of the accident.

16)    Please identify all persons now known to you who witnessed or have knowledge of this accident or the injuries you are claiming as a result of said accident.

17)    If you have ever been a party to or witness in any litigation prior to the present, please provide the case information regarding same.

18)    Please state the name of each medicine or drug you took for the forty-eight hour period preceding the date prior to the accident.

19)    If you consumed any alcoholic beverage on the date of and prior to the accident, please state the number of drinks consumed within the period stated above.

20)    If you have been advised that it will be necessary for you to have any future medical treatment by reason of the accident in question, state what future treatment has been advised and by whom such treatment was advised.

21)    Please identify any physician, chiropractor, osteopath, physical therapist, surgeon, psychiatrist, or other person or firm who has restricted you for the injuries you claim to have received in the accident in question.

22)    If you have ever applied for or made claim for any disability benefits under the provisions of any insurance contract, union benefit plan, pension or profit sharing plan or social security, state the name of such organization and the reasons for the claim.

23)    Itemize the out-of-pocket expenses, or special damages, you have incurred as a result of the injury referred to in the complaint.

24)    If the vehicle occupied by you at the time of the accident in question had in it a cellular telephone of any type, please state the cellular phone provider and the cellular telephone number assigned that cellular telephone.

25)    Identify each person you propose to call or may call as an expert witness.

26)    If you wear glasses, contact lenses, or a hearing aide, identify by name(s) each person who prescribed them.

_____

MICHAEL L. WHITE (WHI095)
Attorney for Defendant
Scott Heath Rice

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone:    (334) 264-9472
Facsimile:    (334) 264-9599

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing mail on all counsel of record <u>as listed below</u> by placing a copy thereof, in the United States mail, postage prepaid, on this the 20th day of April, 2007:

Bob E. Allen, Esq.
Post Office Box 908
Millbrook, Alabama 36054

_____
OF COUNSEL

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELLA B. WILSON and<br>CURTIS WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | 2:07-CV-00243-WHA-CSC |
| SCOTT HEATH RICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S INTERROGATORIES TO PLAINTIFF
## CURTIS WILSON

COMES NOW the Defendant, Scott Heath Rice, and propounds the following interrogatories (which are intended to be continuing) to be answered by Plaintiff Curtis Wilson, under oath within thirty (30) days in accordance with law. These interrogatories are intended to call not only for information possessed by the Plaintiff in Plaintiff's own person, but also information that Plaintiff can obtain from Plaintiff's counsel and from all agents, servants, employees, representatives, and others who are in possession of or may have obtained information for and on behalf of the Plaintiff.

Pursuant to Rules 26 and 33 of the Alabama Rules of Civil Procedure (1975), the Defendants propound the following interrogatories to be answered in writing separately under oath by Plaintiff and requests that said answers be served upon the Defendant's undersigned attorneys within the time required by law. If the answer to the whole of a question is not known, so state and answer the part known. With respect to any interrogatory that calls for the

description of the contents of a document or documents or asks that a document or documents be identified, you may, in lieu of answering said interrogatory, attach such document, or copies thereof, to your answers, specifying the exact interrogatory to which each document relates. If you object to or otherwise decline to answer part of any interrogatory, provide that information required by the interrogatory to which you do not object or which you do not decline to answer. If you object to an interrogatory on the grounds that to answer would constitute an undue burden, provide such information as can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination. If you object to any portion of an interrogatory on the grounds that it seeks privileged information, identify all persons to whom such information was and has been communicated, the general nature of such information, the nature of the privilege asserted, and the dates of any communications or documents for which privilege is asserted. Each of the following interrogatories is deemed to be continuing in the manner provided by law.

I.     DEFINITIONS

As used herein:

A.     "Document" means, but without limitation: every writing or record of every type and description including those existing in all manner of memory means or devices used in connection with electronic computers or word processors that is or has been in your possession, control, or custody, or of which you have knowledge, including without limitation: papers, contracts, correspondence, memoranda, routing slips, calendars, diaries, tapes, communications, invoices, accounts, purchase orders, stenographic or handwritten notes, summaries, file jackets, notebook labels, studies, publications, books, pamphlets, pictures, photographs, films, videotapes, sound or voice recordings, maps, reports, surveys, minutes, projections, plans, data

2

processing cards, tapes, or disks or computer records or printouts; every copy of every such writing or record where the original is not in your possession, custody, or control; and every copy of every such writing or record where such copy is not an identical commentary or notation whatsoever that does not appear on the original;

B.    "Data" means any document or any oral or other type of communication of which you have knowledge;

C.    "Entity" means any individual, firm, partnership, corporation, proprietorship, association, governmental body or any other organization or entity;

D.    "Date" means the exact day, month, and year if ascertainable or, if not, the best available approximation (including relationship to other events);

E.    "Plaintiff" shall mean the Plaintiff Curtis Wilson;

F.    "Defendant" shall mean Scott Heath Rice;

G.    "Identify," when used in reference to "you" and "your" means Plaintiff Curtis Wilson;

I.    "Identify," when used in reference to:

(1)    An individual means to state his/her full name, social security number, present or last known residence address and present or last known position or business affiliation (designating which), job title, employment address and present or last known business and residence telephone numbers;

(2)    A firm, partnership, corporation, proprietorship, association, or other organization or entity means to state its full name and present or last known address and telephone number (designating which); and

3

(3)   <u>Data</u> means to state: in the case of a document, the date, author, editor, sender, recipient, type of document (i.e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, its general subject matter, and its present location or subject matter, and its present location or custodian; in the case of an oral communication, the date, subject matter, communicator, communicatee, substance of the communication, whether it was recorded, and the identity of any witnesses; in the case of documents within your possession, custody, control, or access, whether you will make them available to applicant's attorneys for that which was, but is no longer in your possession, custody or control, what disposition was made of it and why;

J.     "Relate," or any variation thereof means that which is, constitutes, comprises, disclosed, reflects, describes, discusses, concerns, supports, contradicts, or in any other manner touches on.

## INTERROGATORIES

1)     State your full name, date of birth, Social Security Number, driver's license number and state of issuance.

2)     If you are presently married, state the full name and present address of your spouse, together with both the date and place of your marriage.

3)     If you have ever been previously married, state the full name and present address of each previous spouse, together with the date and place of each marriage.

4

4)      With regard to your present marriage, state whether there are any children of said marriage, and, if so, give the names, ages, addresses and phone numbers of each child.

5)      If you and your present spouse have ever been separated, either prior to or subsequent to the date of the incident described in the Complaint, state the inclusive dates of each separation, the reasons or grounds for said separation, whether divorce, dissolution, separate maintenance or similar action was commenced and whether you and your spouse ever reconciled, and, if so, the date and reason for such reconciliation.

6)      If a doctor has assigned a disability rating to your spouse for any injury sustained in the subject incident, state the full name and address of the doctor, the injury for which the disability was assigned, the percentage assigned, and whether such disability is temporary or permanent.

7)      What was the general condition of your spouse's health during the five (5) years prior to the incident involved in this lawsuit?

8)      If you are claiming damages for loss of your spouse's services as a result of the incident made the subject of the Complaint or the resulting alleged injuries, state the amount of damage claimed and the method by which you computed or otherwise determined this amount.

9)      If any person other than you and your spouse resided at your residence at the time of or subsequent to the incident described in the Complaint, for each such person, state the full name, age, and relationship of the person to you and/or to your spouse.

10)     Were you required to acquire additional household help as a result of an alleged injury sustained by your spouse in the incident made the subject of this lawsuit?  If so, for each such person, state the full name, address, dates of employment, hours worked, duties performed, and the amount of money expended for such help.

11)     If you will continue to need household help as a result of this incident, state the length of time it is contemplated that such need will continue and the estimated future cost of such help.

12)     If you are claiming damages for loss of consortium due to the incident in question and the alleged resulting injuries to your spouse, state the amount of damage claimed, the method by which you computed or determined the amount of damage, and the number of days, weeks, and/or months involved.

13)     During the period of your marriage prior to the incident which is the subject of this lawsuit, how many hours per week did you spend in the presence of your spouse, excluding sleep time, and how were these hours spent?

14)     If you have taken any vacations from work during the five (5) years either prior to or subsequent to the incident described in the Complaint, for each vacation period state the inclusive dates, where you spent the time, whether you spent the time with your spouse and, if not, why not?

15)     If you claim that the incident causing the alleged injuries to your spouse limited or restricted your leisure activities, explain in full.

16)     Please state any charitable, social, athletic, educational, intellectual, spiritual, religious or other type of joint activity that you and your spouse participated in during the twelve (12) months immediately following the incident made the subject of this lawsuit, including in your answer, the frequency of such participation.

17)     If you claim that the alleged injury sustained by your spouse in the incident made the subject of this lawsuit terminated or limited your sexual relations, state in what manner the alleged injuries terminated or limited such relations.

6

18)    If you engaged in sexual relations with your spouse during the twelve (12) month period before the subject incident, state the frequency of such relations during said period.

19)    If you have engaged in sexual relations with your spouse subsequent to the date of the incident which is the subject of this lawsuit, state the frequency of such relations for each of the twelve (12) months since the incident.

20)    If you have not engaged in sexual relations with your spouse subsequent to the date of the incident made the subject of this lawsuit, state whether the lack of sexual relations was caused by the incident complained of and/or the alleged resulting injuries and, if so, in what manner and whether you will be able to resume such relations in the future and, if so, when.

21)    If there is any activity not referred to above in which you and your spouse participated together before the subject incident and which you claim has been limited or terminated because of the alleged injuries received in the incident, give a full description of each activity, a description of the injury which caused the termination or limitation, the extent of such limitation, and whether your spouse will be able to resume such activity in the future.

22)    If you claim any damage for mental suffering which was caused by seeing your spouse suffer from injuries allegedly sustained in the incident made the subject of this lawsuit, state the amount of the claim and the facts upon which the claim is based.

23)    In connection with your claim for mental suffering, if you have received any medical care and treatment, state the full name and address of each physician rendering said care and treatment, together with a full description of the nature of the treatment received and the total cost of such treatment, including doctor's bills, medication and all other expenses incurred.

24)    If you have ever suffered any physical infirmity, disability or sickness before or after the incident described in the Complaint, or been involved in any accidents before and/or

7

after the incident described in the Complaint, describe the nature and extent of each infirmity, disability, sickness or accident, the date and manner in which each was sustained as well as the name and address of all physicians and hospitals by whom you were treated.

25)     List the names, business addresses, and dates of employment regarding all employers, including self employment, for whom you have worked in the five (5) years preceding the incident described in the Complaint and during the period subsequent to the incident described in the Complaint.

Respectfully submitted this 20th day of April, 2007.

_____
MICHAEL L. WHITE (WHI095)
Attorney for Defendant
Scott Heath Rice


OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone:     (334) 264-9472
Facsimile:     (334) 264-9599

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing mail on all counsel of record <u>as listed below</u> by placing a copy thereof, in the United States mail, postage prepaid, on this the 20th day of April, 2007:

Bob E. Allen, Esq.
Post Office Box 908
Millbrook, Alabama 36054

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMELLA B. WILSON and<br>CURTIS WILSON, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CASE NO.:** |
| v. | ) | |
| | ) | **2:07-CV-00243-WHA-CSC** |
| SCOTT HEATH RICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFFS

The Defendant, Scott Heath Rice, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, hereby requests the Plaintiffs, Pamella B. Wilson and Curtis Wilson, to produce and permit the Defendant, or someone acting on the Defendant's behalf, to inspect and copy the following designated documents or things (including writings, drawings, graphs, charts, photographs, phonographs, phonograph records, electronic recordings, and any and all other data compilations from which information can be obtained or translated), and to inspect, copy, test, and sample any of the following designated tangible things which constitute or contain matters within the scope of Rule 26, Alabama Rules of Civil Procedure (1975); and which are in the possession, custody or control of the Plaintiffs, Plaintiffs' attorney or other agents of Plaintiffs.

The production of documents and things designated below shall be made by 10:00 a.m. on the 30th day following service of this request in the law offices of Webster, Henry, Lyons & White, P.C., 418 Scott Street, Montgomery, Alabama 36104, or at such other time and place as may be agreed upon between counsel for the Defendant and the Plaintiffs prior to said 30th day.

As an alternative to producing the documents or other evidence in writing designated below at the time, date, and place above specified, you may photocopy true, correct, legible and genuine copies of such requested documents, written evidence, or other evidence amenable to photocopying, and attach same to your formal response to the within request for production, and serve same upon the undersigned counsel within thirty (30) days from the date of service of these requests.

Should any document or thing herein requested come into evidence or become known to you or your attorney subsequent to your receipt of these requests, or subsequent to the inspection or other means of producing said documents or things herein requested, these requests shall be deemed to be continuing in nature.

The Defendant will pay all reasonable costs of copying the requested written and electronically recorded or stored matter.

## REQUEST FOR PRODUCTION

1.     Copies of any and all written statements, documents, things, memoranda, reports, or other items in your possession relating to the accident in question and the alleged negligence and wantonness of Defendant that is made the basis of this lawsuit.

2.     Any and all documents, reports, memoranda, or other supporting documents which you or your attorney intend to use at trial to support your claim for damages and injuries.

3.     All medical bills, and/or other documentation of any special damages claimed, including, but not limited to, doctors' bills, hospital bills, ambulance bills, drug bills, and any other bills, fees, charges, or other evidence of medical expenses or other special damages you

contend were incurred as the result of the negligence of Defendant complained of in your complaint.

4.    Copies of any insurance records, statements, correspondence, reports, or any other documents that show the total amount of monies paid to Plaintiffs as a result of the alleged occurrences described in your complaint.

5.    Any and all documents, reports, memoranda, or other supporting documents that you or your attorney intend to use at trial to support your claim for lost wages or lost income, if any.

6.    Reports of any and every examination made at any time prior to or subsequent to the accident in question, concerning your condition, treatment, diagnosis, prognosis, or in any other way reporting upon your medical condition relating to any portion of your body allegedly injured as a result of the accident in question, from any medical care provider, including, but not limited to, doctors, chiropractors, osteopaths, optometrists, physical therapists, medical technicians, or lay practitioners of the healing arts.

7.    Any and all vocational reports and/or narratives.

8.    Any and all reports, whether written or otherwise recorded, made by any expert or experts whom you expect to call as an expert at trial.

9.    Any and all reports, whether written or otherwise recorded, made by any expert or experts whom you do not expect to call as an expert at trial, but who have been employed by you in anticipation of litigation or in preparation for the trial of this action.

10.    Any and all statements, if any, previously made by Plaintiffs or any agent, servant, or employee of Plaintiffs concerning this action or the subject matter of this action. (NOTE: For the purpose of this request, a statement previously made is a written statement

3

signed or otherwise adopted by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded).

11.    Any and all written or recorded statements made by any witness, party or other person concerning any fact or circumstance relevant to the Plaintiffs' claims in this action (both as to liability and damages), or relevant to any defense by the Defendant.  (NOTE: For the purpose of this request, a statement previously made is a written statement signed or otherwise adopted by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded).

12.    Any and all photographs, video-tapes, sketches, transparencies, diagrams, and/or drawings of the accident scene, vehicles or injuries sustained.

13.    Any and all medical records, doctors opinions, hospital records, or policies of insurance which you contend relate to the claims you made in this complaint.

14.    Copies of your complete federal and state income tax returns which reflect the gross income earnings, and deductions of Plaintiffs for the past five years, including, but not limited to, all W-2 forms attached thereto.

15.    Copies of your employment file(s) and/or personnel file(s) from all places of employment for the past five years.

16.    A list of any and all repairs made to your vehicle following the alleged occurrences described in your complaint including any estimates, bills, invoices, and statements you received in connection with said repairs and the name and address of any and all persons or entities who effected such repairs.

17.    A list of any and all repairs made to the vehicle that is the subject of this lawsuit either prior or subsequent to the alleged occurrences described in your complaint including any estimates, bills, invoices, and statements you received in connection with said repairs and the name and address of any and all persons or entities who effected such repairs.

18.    If your car was bought as a used car, copies of any repair records, estimates, bills, statements, correspondence, or any other document in your possession or control relating to any damage your car sustained prior to your ownership.

19.    A copy of your current driver's licenses.

20.    The attached Authorization(s) for Release of Protected Health Information fully executed.


_____
MICHAEL L. WHITE (WHI095)
Attorney for Defendant
Scott Heath Rice



OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone:    (334) 264-9472
Facsimile:    (334) 264-9599

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing mail on all counsel of record <u>as listed below</u> by placing a copy thereof, in the United States mail, postage prepaid, on this the 20th day of April, 2007:

Bob E. Allen, Esq.
Post Office Box 908
Millbrook, Alabama 36054

_____
OF COUNSEL

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION

TO:

     I, **Curtis Wilson**, do hereby authorize and request that the above-named physician, hospital, health care facility, institution, firm or corporation release a copy of the following information to any member of the law firm of Webster, Henry, Lyons & White, P.C.:

     All medical and health care billing records, including, but not limited to, doctors' notes, nurses' notes, office notes, summary sheets, emergency records, history and physicals, admission records, examination records, consultation records, surgeons' records, medication records, discharge summaries, X-ray reports, CAT scan reports, MRI reports, pathology reports, laboratory reports, personal notes, incident reports, test records and results, psychiatric records, psychological records, alcohol and substance abuse records, records regarding HIV, AIDS, Hepatitis and sexually transmitted diseases, bills, claims, remittances, insurance records, consents for treatment, correspondence, memoranda, evaluations, writings of any kind or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of:

Name:           Curtis Wilson
Social Security No.:      _____
Date of Birth:      _____

This Authorization also includes the authority to inspect any and all such records. A copy of this Authorization may be used in place of and with the same force and effect as the original.

I also authorize the above-named health care provider or institution to discuss the disclosed health information with any member of the law firm of Webster, Henry, Lyons & White, P.C.

By providing this Authorization:

-    I understand that the purpose of the request is to allow the law firm of Webster, Henry, Lyons & White, P.C. to provide legal services to a person or entity.

-    I understand that the health information to be released may be subject to redisclosure by the recipient of the health information and no longer be protected by state or federal privacy rules.

-    I understand that I may revoke this Authorization at any time by notifying the above-named health care provider or institution and the law firm of Webster, Henry, Lyons & White, P.C., in writing, but such revocation by me will have no effect on disclosures of information already made under this Authorization prior to the receipt of my revocation.

-    I hold the above-named health care provider or institution, his/her/its employees, directors, officers, agents and representatives harmless from any and all damages which might result to me, my representatives, heirs, and/or assigns from the disclosure of this information to the law firm of Webster, Henry, Lyons & White, P.C.

-    I understand that this Authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof until the expiration date noted below.

This Authorization will expire at the conclusion of the litigation.

_____     _____
Signature of Individual or Individual's Representative     Date

_____
Printed Name of Individual's Representative (if applicable)

_____
Representative's Relationship to Individual (if applicable)

<u>AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION</u>

TO:

I, **Pamella B. Wilson**, do hereby authorize and request that the above-named physician, hospital, health care facility, institution, firm or corporation release a copy of the following information to any member of the law firm of Webster, Henry, Lyons & White, P.C.:

All medical and health care billing records, including, but not limited to, doctors' notes, nurses' notes, office notes, summary sheets, emergency records, history and physicals, admission records, examination records, consultation records, surgeons' records, medication records, discharge summaries, X-ray reports, CAT scan reports, MRI reports, pathology reports, laboratory reports, personal notes, incident reports, test records and results, psychiatric records, psychological records, alcohol and substance abuse records, records regarding HIV, AIDS, Hepatitis and sexually transmitted diseases, bills, claims, remittances, insurance records, consents for treatment, correspondence, memoranda, evaluations, writings of any kind or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of:

Name:                    Pamella B. Wilson
Social Security No.:     _____
Date of Birth:           _____

This Authorization also includes the authority to inspect any and all such records. A copy of this Authorization may be used in place of and with the same force and effect as the original.

I also authorize the above-named health care provider or institution to discuss the disclosed health information with any member of the law firm of Webster, Henry, Lyons & White, P.C.

By providing this Authorization:

- I understand that the purpose of the request is to allow the law firm of Webster, Henry, Lyons & White, P.C. to provide legal services to a person or entity.

- I understand that the health information to be released may be subject to redisclosure by the recipient of the health information and no longer be protected by state or federal privacy rules.

- I understand that I may revoke this Authorization at any time by notifying the above-named health care provider or institution and the law firm of Webster, Henry, Lyons & White, P.C., in writing, but such revocation by me will have no effect on disclosures of information already made under this Authorization prior to the receipt of my revocation.

- I hold the above-named health care provider or institution, his/her/its employees, directors, officers, agents and representatives harmless from any and all damages which might result to me, my representatives, heirs, and/or assigns from the disclosure of this information to the law firm of Webster, Henry, Lyons & White, P.C.

- I understand that this Authorization is continuing in nature and is to be given full force and effect to release any and all of the foregoing information learned or determined after the date hereof until the expiration date noted below.

This Authorization will expire at the conclusion of the litigation.

_____    _____
Signature of Individual or Individual's Representative    Date

_____
Printed Name of Individual's Representative (if applicable)

_____
Representative's Relationship to Individual (if applicable)

# WEBSTER, HENRY, LYONS & WHITE, P.C.
## ATTORNEYS AT LAW

WILLIAM H. WEBSTER
D. MITCHELL HENRY
T. RANDALL LYONS*
MICHAEL L. WHITE
KIMBERLY S. DeSHAZO
MARK E. IRBY *
G. BARON COLEMAN **
J. BRADLEY PONDER

418 SCOTT STREET
POST OFFICE BOX 239
MONTGOMERY, AL 36101

TELEPHONE: 334-264-9472
FACSIMILE: 334-264-9599
WWW.WHLWPC.COM

EAST ALABAMA OFFICE:
AUBURN BANK CENTER
132 NORTH GAY STREET
SUITE 211
AUBURN, AL 36830

* ALSO ADMITTED IN GEORGIA
** ALSO ADMITTED IN FLORIDA

June 7, 2007

***Via Facsimile to 289-0980 & U. S. Mail***
Bob E. Allen
Post Office Drawer 908
Millbrook, AL  36054

Re:     Pamela B. Wilson and Curtis Wilson v. Scott Heath Rice
        In the United States District Court for the Middle District of Alabama
        Northern Division
        Case No.:  2:07-cv-243-WHA
        Our File No.:  10-630

Dear Bob:

I am writing regarding the status of your clients' answers to Scott Rice's Interrogatories and Request for Production. As you may recall, this discovery was served on your clients on April 20, 2007. I have not yet received a response. If there is some problem or if I have not received the responses by some error, please give me a call at your earliest convenience to discuss the matter. Otherwise, I would greatly appreciate you responding within ten days to avoid the necessity of involving the court.

Thank you for your attention to this matter, and I look forward to receiving your responses in the near future. Should you have any questions or wish to discuss this matter, please do not hesitate to call.

Best Regards,

Michael L. White

MWL\pd


EXHIBIT
B

# WEBSTER, HENRY, LYONS & WHITE, P.C.

### ATTORNEYS AT LAW

WILLIAM H. WEBSTER
D. MITCHELL HENRY
T. RANDALL LYONS
MICHAEL L. WHITE
KIMBERLY S. DeSHAZO
MARK E. IRBY *
G. BARON COLEMAN **
J. BRADLEY PONDER

418 SCOTT STREET
POST OFFICE BOX 239
MONTGOMERY, AL 36101

TELEPHONE: 334-264-9472
FACSIMILE: 334-264-9599
WWW.WHLWPC.COM

EAST ALABAMA OFFICE:
AUBURN BANK CENTER
132 NORTH GAY STREET
SUITE 211
AUBURN, AL 36830

* ALSO ADMITTED IN GEORGIA
** ALSO ADMITTED IN FLORIDA

June 25, 2007

*__Via Facsimile to 289-0980 & U. S. Mail__*
Bob E. Allen
Post Office Drawer 908
Millbrook, AL 36054

Re:    Pamela B. Wilson and Curtis Wilson v. Scott Heath Rice
       In the United States District Court for the Middle District of Alabama
       Northern Division
       Case No.: 2:07-cv-243-WHA
       Our File No.: 10-630

Dear Bob:

As you will recall, your client's discovery responses are overdue in the above-referenced matter. We received unexecuted copies of your client's interrogatory responses on April 20th, with a note that signed copies would come to us the next week. We have yet to receive those or any response to our request for production of documents. I would appreciate it if you would send those to us within the next ten days.

I would also like the opportunity to depose your clients. I currently have the following dates available: August 6th, 7th, 10th, 16th, 17th, 28th or 29th.

Thanks for your help with this.

Best Regards,

Michael L. White

MWL\pd

# WEBSTER, HENRY, LYONS & WHITE, P.C.
## ATTORNEYS AT LAW

WILLIAM H. WEBSTER
D. MITCHELL HENRY
T. RANDALL LYONS
MICHAEL L. WHITE
KIMBERLY S. DeSHAZO
MARK E. IRBY *
G. BARON COLEMAN **
J. BRADLEY PONDER

418 SCOTT STREET
POST OFFICE BOX 239
MONTGOMERY, AL 36101

TELEPHONE: 334-264-9472
FACSIMILE: 334-264-9599
WWW.WHLWPC.COM

EAST ALABAMA OFFICE:
AUBURN BANK CENTER
132 NORTH GAY STREET
SUITE 211
AUBURN, AL 36830

* ALSO ADMITTED IN GEORGIA
** ALSO ADMITTED IN FLORIDA

July 17, 2007

*Via Facsimile to 270-9848 & U. S. Mail*
J. Doyle Fuller
The Law Offices of J. Doyle Fuller, P.C.
2851 Zelda Road
Montgomery, AL 36106

Re:     Pamela B. Wilson and Curtis Wilson v. Scott Heath Rice
        In the United States District Court for the Middle District of Alabama
        Northern Division
        Case No.: 2:07-cv-243-WHA
        Our File No.:    10-630

Dear Mr. Fuller:

I represent the Defendant, Scott Rice, in the above-referenced matter. It is my understanding from Bob Allen that you are now replacing him in this matter and that further correspondence and/or pleadings should be sent to you. Please advise if my understanding is incorrect.

Enclosed you will find a copy of the court's Uniform Scheduling Order issued in this case, as well as a copy of the Scheduling Order entered by the court. At the present time, the plaintiffs have not yet answered our discovery requests, which are currently past due. We have been requesting responses from Mr. Allen for quite some time, with no success. I would appreciate it if you could forward your client's responses to discovery within the next fourteen days.

Thank you for your help with this.

Best Regards,

Michael L. White

MWL\pd

Enclosures